IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NAGENDRA KUMAR NAKKA, NITHEESHA NAKKA, SRINIVAS THODUPUNURI, RAVI VATHSAL THODUPUNURI, GIRIJESH THODUPUNURI, RAJESHWAR ADDAGATLA, VISHAL ADDAGATLA, SATYA VENU BATTULA, SANDEEP BATTULA, SIVA PEDDADA, PAVANI PEDDADA, VENKATA PEDDADA, MIRIAM EDWARDS-BUDZADZIJA, ABIGAIL EDWARDS,** individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and U.S. DEPARTMENT OF STATE**, <br><br> Defendants. | Case No. 3:19-cv-2099-YY <br><br> ORDER |

Brent W. Renison, PARILLI RENISON LLC, 610 SW Broadway, Suite 505, Portland, OR 97205. Of Attorneys for Plaintiffs.

Brian M. Boynton, Acting Assistant Attorney General, Civil Division; William C. Peachey, Director of the Office of Immigration Litigation; Samuel P. Go, Assistant Director; Victor M. Mercado-Santana, Trial Attorney; UNITED STATES DEPARTMENT OF JUSTICE, CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION, P.O. Box 868, Ben Franklin Station, Washington, D.C. 20044. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiffs in this putative class action are a group of Indian nationals who have enjoyed long-term residency in the United States as beneficiaries of temporary work visas and who have been seeking permanent residency in the United States through employment-based immigration visas, and their children who are derivative visa beneficiaries. In 2017, Defendants U.S. Citizenship and Immigration Services (USCIS) and the U.S. Department of State (DOS) implemented a new national origin-based visa bulletin chart for the distribution of visas, which Plaintiffs allege threaten to "age out" the children of high-volume immigrant countries such as India, in violation of the Child Status Protection Act (CSPA). Plaintiffs' First Amended Complaint (FAC) alleges a Fifth Amendment equal protection claim (First Claim) and an Administrative Procedure Act (APA) claim (Second Claim), primarily relating to Defendants' interpretation or implementation of the CSPA. Defendants move to dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing, respectively, lack of subject-matter jurisdiction and failure to state a claim.

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation. First, Judge You recommended that the Court find that Plaintiffs have Article III standing and that the case is ripe for adjudication; accordingly, Judge You recommended that the Court deny Defendants' motion to dismiss under Rule 12(b)(1). Second, Judge You recommended that the Court find that Plaintiffs fail to state a Fifth Amendment claim and that they lack statutory (or "zone of interest") standing to bring an APA claim; accordingly, Judge You recommended that the Court grant Defendants' motion to dismiss under Rule 12(b)(6). Plaintiffs and Defendants filed timely objections and timely responded to each other's objections.

Shortly after Judge You issued her Findings and Recommendation, Plaintiffs filed a motion for leave to file a Second Amended Complaint, based on new facts that occurred after the filing of the First Amended Complaint, including facts relating to the alleged derivative visa beneficiaries. In light of Plaintiffs' motion, the Court denies Defendants' motion to dismiss without prejudice and declines to adopt Judge You's Findings and Recommendation as moot. The Court denies Plaintiffs' current motion for leave to amend, and grants Plaintiffs leave to file a new Second Amended Complaint without the necessity of a motion and with the benefit of both Judge You's Findings and Recommendation and this ruling.

For judicial efficiency, and the benefit of the parties going forward, the Court notes that Plaintiffs should clarify—and be explicit—in their Second Amended Complaint whether they are challenging the CSPA or Defendants' interpretation or implementation of the CSPA as shown through a rule, regulation, policy, or simply the use of the national origin-based visa bulletin chart. Also, the Court notes that to challenge a law under the APA, a plaintiff must be within the "zone of interests" that the law was designed to benefit. *See Sierra Club v. Trump*, 963 F.3d 874, 893 (9th Cir. 2020) ("The zone of interests test limits which plaintiffs can invoke statutorily created causes of action."). When a plaintiff brings an APA claim against a federal agency, the zone of interests is defined by "the statute that [the plaintiff] says was violated," rather than the APA itself. *See Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 224 (2012) (quotation marks omitted).

The zone-of-interests test for actions under the APA is "not especially demanding," giving "the benefit of any doubt" to the plaintiff and foreclosing suit "only when a plaintiff's interests are so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress authorized the plaintiff to sue." *Lexmark Int'l Inc.*

*v. Static Control Components, Inc.*, 572 U.S. 118, 130 (2014) (quotation marks and citation omitted). This requirement, however, "is not toothless" and requires that a plaintiff "show less than an intent to benefit but more than a marginal relationship to the statutory purposes." *Moya v. U.S. Dep't of Homeland Sec.*, 975 F.3d 120, 132 (2d Cir. 2020). The Ninth Circuit has not yet defined the zone of interests for APA claims under the CSPA.[1]

In addition, it is not material whether one or multiple plaintiffs bring an APA challenge. *See Brady Campaign to Prevent Gun Violence v. Salazar*, 612 F. Supp. 2d 1, 28 (D. D.C. 2009) ("Plaintiffs need not show that each plaintiff has standing to assert every claim; rather, 'if constitutional and prudential standing can be shown for at least one plaintiff, [the court] need not consider the standing of the other plaintiffs to raise that claim.'" (alteration in original) (quoting *Mountain States Legal Found. v. Glickman*, 92 F.3d 1228, 1231 (D.C .Cir. 1996))).

Further, it is well-established that the CSPA was created to protect "derivative children who might 'age out' of their beneficiary status" due to administrative processing delays. *See generally Matter of Wang*, 25 I. & N. Dec. 28, 31 (BIA 2009). As the Supreme Court has stated, the zone of interests for an APA challenge should be construed broadly and include all who possess anything more than a marginal relationship with the statutory purpose. It logically follows, therefore, that derivative beneficiaries who have filed their application pursuant to the Dates for Filing Chart but have aged out or will likely age out before they become eligible under the Final Action Dates chart are within the CSPA's zone of interests. They are among the group whose interests are being addressed by the statute. In addition, the zone of interests test cannot

---

[1] In *Tenrec, Inc. v. United States Citizenship & Immigrs. Servs.*, 2016 WL 5346095 (D. Or. Sept. 22, 2016), this Court considered under the APA whether visa beneficiaries were within the zone of interests of the Immigration and Nationality Act. The decision may inform the analysis in the pending case.

depend on the substantive outcome of the APA claim for that particular plaintiff—to do so would beg the question. *See Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians*, 567 U.S. at 225 ("We do not require any indication of congressional purpose to benefit the would-be plaintiff." (quotation marks omitted)).

The Court DENIES Defendants' Motion to Dismiss (ECF 13) without prejudice. The Court declines to adopt Judge You's Findings and Recommendation (ECF 18) as moot. The Court denies without prejudice Plaintiffs' pending motion to amend (ECF 20) and allows Plaintiffs leave to file a new Second Amended Complaint without the necessity of a motion. Plaintiffs may file their Second Amended Complaint within 14 days from the date of this Order. Defendants shall then answer or otherwise respond to Plaintiffs' Second Amended Complaint within 14 days.

**IT IS SO ORDERED**.

DATED this 12th day of May, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge