IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NAGENDRA KUMAR NAKKA, NITHEESHA NAKKA, SRINIVAS THODUPUNURI, RAVI VATHSAL THODUPUNURI, RAJESHWAR ADDAGATLA, VISHAL ADDAGATLA, SATYA VENU BATTULA, SANDEEP BATTULA, SIVA PEDDADA, PAVANI PEDDADA, VENKATA PEDDADA, MIRIAM EDWARDS-BUDZADZIJA, ABIGAIL EDWARDS,** individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>**U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and U.S. DEPARTMENT OF STATE**,<br><br>        Defendants. | Case No. 3:19-cv-2099-YY<br><br>**ORDER** |

Brent W. Renison, PARILLI RENISON LLC, 610 SW Broadway, Suite 505, Portland, OR 97205. Of Attorneys for Plaintiffs.

Brian M. Boynton, Acting Assistant Attorney General, Civil Division; William C. Peachey, Director of the Office of Immigration Litigation; Samuel P. Go, Assistant Director; Victor M. Mercado-Santana, Trial Attorney; UNITED STATES DEPARTMENT OF JUSTICE, CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION, P.O. Box 868, Ben Franklin Station, Washington, D.C. 20044. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on November 30, 2021. First, Judge You recommended that the Court find that the case is ripe for adjudication. Accordingly, Judge You recommended that the Court deny Defendants' motion to dismiss under Rule 12(b)(1). Second, Judge You recommended that the Court find that Plaintiffs fail to state a claim for relief. Accordingly, Judge You recommended that the Court grant Defendants' motion to dismiss under Rule 12(b)(6). Plaintiffs and Defendants filed timely objections and timely responded to each other's objections.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ.

P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

**A. Plaintiffs' Objections**

Plaintiffs object to Judge You's conclusion that Plaintiffs fail to state an Equal Protection or Administrative Procedures Act (APA) claim. With respect to their Equal Protection claim, Plaintiffs object to Judge You's finding that Plaintiffs have failed to adequately allege that they are similarly situated to derivative beneficiaries from non-oversubscribed countries and that Plaintiffs' inability to use the Worldwide Visa Bulletin to calculate their Child Status Protection Act (CSPA) age lacks a rational basis. Rather than identify the portion of Judge You's reasoning to which they object, Plaintiffs reassert the arguments presented in Plaintiffs' Response to Defendants' Second Motion to Dismiss. The Court has reviewed that portion of Judge You's Findings and Recommendation *de novo* and agrees with Judge You.

With respect to their APA claim, Plaintiffs object to Judge You's conclusion that Defendants' May 2018 update to the U.S. Citizenship and Immigration Services (USCIS) Policy Manual (Manual) was not a final agency action subject to judicial review under the APA. The Court agrees that the 2018 update is not a final agency action. The statement in the 2018 update that the USCIS will use the Final Action Date chart to determine an applicant's CSPA age only guides how the USCIS resolves lawful permanent resident (LPR) applications but does not resolve any individual application. Thus, the 2018 update to the Manual more closely parallels the manual at issue in *Whitewater Draw Natural Resource Conservation District v. Mayorkas*, which described how the Department of Homeland Security would implement the National Environmental Policy Act but did not "prescribe any action in any particular matter." 5 F.4th 997, 1008 (9th Cir. 2021).

The 2018 update to the Manual in this case and the manual at issue in *Whitewater* both contrast the annual operating instructions (AOI) at issue in *Oregon Natural Desert Ass'n v. U.S. Forest Service*, which the Forest Service issued annually and incorporated directly into each grazing permit holder's permit for that year. Because, the Ninth Circuit explained, the AOIs "pragmatically . . . function[ed] to start the grazing season," they amounted to the Forest Service's "'last word' before the permit holders begin grazing their livestock." 465 F.3d 977, 985 (9th Cir. 2006). Further, within the context of immigration proceedings, the Ninth Circuit has confirmed that absent a final determination of a particular status adjustment application, there is no final agency action subject to review under the APA. *See Mamigonian v. Biggs*, 710 F.3d 936, 941 (9th Cir. 2013) (stating that "because USCIS had not made final determinations on Ms. Mamigonian's reopened adjustment-of-status applications when she filed suit, the District Court did not have jurisdiction to review USCIS's actions" under the APA); *Cabaccang v. U.S. Citizenship & Immig. Servs.*, 627 F.3d 1313, 1315-16 (9th Cir. 2010) (concluding that the denial of status adjustment applications was not a final agency action because the applicants could renew their applications before an immigration judge).

Plaintiffs also object to Judge You's conclusion that even if the 2018 update to the Manual is a final agency action, it is not a legislative rule subject to notice and comment rulemaking. Plaintiffs argue that the 2018 update is a legislative rule subject to notice and comment because before the update and before the implementation of the two-chart system in 2015, USCIS used the Date for Filing chart to determine CSPA age. The Court has reviewed that portion of Judge You's recommendation *de novo* and agrees with Judge You that the 2018 update to the manual is not a legislative rule.

PAGE 4 - ORDER

B. **Defendants' Objections**

Defendants object to Judge You's conclusion that Plaintiffs' claims are ripe. Defendants argue that Plaintiffs' claims are not ripe because Plaintiffs' applications may be denied for reasons other than "aging out" of their eligibility. The Court disagrees. Under *Reno v. Catholic Social Services, Inc.*, the Court need only be able to "firmly predict" that the application would be denied based on the challenged law. 509 U.S. 43, 69 (1993) (O'Connor, J., concurring) (stating that a claim is ripe "if the court can make a firm prediction" that the agency will take a certain action pursuant to the challenged rule); *Freedom to Travel Campaign v. Newcomb*, 82 F.3d 1431, 1436 (9th Cir. 1996) (adopting the "firm prediction" rule). Here, regardless of whether other factors may also lead to a denial, the Court can firmly predict that Plaintiffs who have "aged out" based on the USCIS criteria will be denied LPR status. Thus, their claims are ripe.[1]

The Court ADOPTS IN PART the Findings and Recommendation (ECF 45). The Court GRANTS Defendants' Second Motion to Dismiss (ECF 36). If Plaintiffs believe they can cure the deficiencies identified in this Order, they may file a motion to amend under Rule 15. In evaluating such a motion, the Court will determine whether any proposed amendment would be

---

[1] Defendants also argue that Abigail Edwards's claim is not ripe because she alleges that her application for LPR status was erroneously granted but not that any rescission proceedings have begun. Because all Plaintiffs fail to state a claim, the Court need not decide whether Edwards's claim is ripe. In any event, it appears that Edwards's claim is ripe because under 8 U.S.C. § 1256(a), the Attorney General "shall" initiate rescission proceedings if it is discovered that an LPR application was erroneously granted within five years after that error. Further, the Fourth Circuit noted in *Asika v. Ashcroft* that the "plain language of the statute does not lend itself easily" to the Attorney General's position that § 1256(a) grants discretionary authority to rescind LPR status. 362 F.3d 264, 268 (4th Cir. 2004). Additionally, here, Defendants are now aware that Edwards was erroneously granted LPR status.

futile. If Plaintiffs intend to file a motion to amend, they must do so within 14 days of the date of this Order.

**IT IS SO ORDERED**.

DATED this 27th day of January, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 6 - ORDER